IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>**JAMAR E. PLUNKETT,**<br><br>**Defendant.** | Case No. 13-CR-30003-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a *pro se* Motion for Reconsideration of the Court's Order on Compassionate Release filed by Defendant Jamar Plunkett, an inmate incarcerated at USP-Marion. (Doc. 93). Plunkett requests reconsideration of the Court's denial of his Motion for Compassionate Release (Doc. 88) and "seeks to persuade[1] the Court to reconsider its denial and impose a sentence that is more in line with the correct Guideline Range and the principles of proportionality and rehabilitation." (Doc. 93, p. 1). The filing consisted of 23 typewritten pages and incorporated a memorandum of law.

In his underlying Motion for Compassionate Release, Plunkett requested that the remainder of his sentence be reduced to time served "due to the unusually lengthy and grossly disproportionate nature of his sentence in comparison to what he would face today for the same conduct under current law" and a decrease in his term of supervised release to three years. (Doc. 77). The Government filed a Sealed

---

[1] This is a direct quote from Plunkett's Motion.

Response opposing the Motion. (Doc. 81). Although untimely, the Court allowed Plunkett to file his oversized Reply. (Doc. 86). The Court further advised Plunkett that it had accepted the oversized Reply and had considered same prior to ruling on the Motion for Compassionate Release. (d/e 90). For the reasons set forth below, Plunkett's Motion for Reconsideration of the Court's Order on Compassionate Release is **DENIED**.

## FACTUAL & PROCEDURAL BACKGROUND

On January 24, 2014, following a guilty plea to one count of distribution of controlled substance: cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), Plunkett was sentenced to a guideline term of 212 months imprisonment. (Doc. 82). The sentence also included a term of 6 years of supervised release to be served upon Plunkett's release from incarceration. (d/e 45). Plunkett is scheduled to be released on January 23, 2026.[2]

On February 22, 2024, Plunkett filed his second motion for compassionate release pursuant to § 3582(c). (*See* Doc. 77). In this motion, Plunkett focused on the "significant shifts in judicial and legislative law." (*Id.*). On May 14, 2024, the undersigned denied the motion for compassionate release. (Doc. 88).

## ANALYSIS

First, the Court must address the timeliness of the instant Motion. The Seventh Circuit is clear that "[t]here is no authority in the Federal Rules of Criminal Procedure for a 'motion for reconsideration.'" *United States v. Rollins*, 607 F.3d 500,

---

[2] *Find an inmate.*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/(last visited August 12, 2024) (click "Find by Name" and search for "Jamar Plunkett").

502 (7th Cir. 2010) (quoting *United States v. Griffin*, 84 F.3d 820, 826 n.4 (7th Cir. 1996)). That being said, "[m]otions may exist as a matter of general practice. And that's what the Supreme Court has held. The Justices have concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *Id.* While the Seventh Circuit has indicated that motions for reconsideration in criminal cases must be filed in the same 14-day window as direct appeals (*see United States v. Mays*, No. 21-2324, 2022 WL 1078472, at *1 (7th Cir. Apr. 11, 2022)), "the 14-day rule . . . is not jurisdictional." *Id.* (citing *Rollins* at 501). For this reason, the Court disregards the issue of timeliness and moves to analysis of Plunkett's Motion on the merits.

Assuming that Plunkett intended to file the instant Motion pursuant to Federal Rule of Civil Procedure 60, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (quoting *Dickerson v. Board of Educ.*, 32 F.3d 1114 (7th Cir. 1994)); *see Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)). Federal Rule of Civil Procedure 60(b) states that a party may seek relief from a judgment for one or more of the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." In other words, Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick*

*v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotations and citation omitted). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted). A motion for reconsideration may be granted where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (citation omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* (citation omitted). "Motions to reconsider 'are not replays of the main event.' " *Dominguez v. Lynch*, 612 Fed. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1270.

Plunkett argues that the court erred in denying his Motion for Compassionate Release and contends that he satisfied the required showing that

extraordinary and compelling reasons existed to justify his compassionate release. However, he has not provided any newly discovered evidence, nor has he shown a misapplication in the law. In fact, the Court notes that "[e]ven if there was an extraordinary and compelling reason for Defendant's release, the Court could still deny the motion if it finds Defendant's history and characteristics, as well as the substantial time remaining on his sentence, do not support relief." *United States v. Suarez*, 2023 WL 7713580, at *4. Indeed, in this case, the 18 U.S.C. § 3553(a) factors clearly confirmed that Plunkett should remain incarcerated. These factors include:

> (1) [T]he nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and otherwise accomplish the aims of the criminal justice system; (3) the kinds of sentences available; (4) the advisory guidelines sentence range; (5) pertinent policy statements by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants, and (7) the need to provide restitution to victims. *United States v. Romano*, 2023 WL 8735203, at *4.

Additionally, the Seventh Circuit has stated that district courts "only need[] 'one good reason' to deny relief." *United States v. Williams*, 61 F.4th 521, 524 (7th Cir. 2023) (quoting *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022)).

The Court's prior analysis still stands; this Court cannot reasonably conclude that Plunkett will not present a threat to the community upon release. *See* 18 U.S.C. § 3553(a)(2)(C); (*see* Doc. 72). In the case at hand, the sentencing transcript was replete with commentary regarding defendant's "egregious" background. (*See* Doc. 54). His criminal history extended back to 1995 (Plunkett's teen years) and included numerous battery offenses, property damage claims, several fleeing and

eluding charges, weapons charges, and various drug charges, all of which resulted in his assignment of criminal history category IV. (*See Sealed* Doc. 36). All things considered, the Court is not at all confident that Plunkett will not reoffend if released. Accordingly, based on the § 3553(a) factors including the aim "to protect the public from further crimes of the defendant," the Court must deny the instant Motion. Compassionate Release still fails and there are no exceptional circumstances.

## CONCLUSION

Because Plunkett has not shown an exceptional circumstance via an "extraordinary and compelling" reason to justify his release and because the § 3553(a) factors do not support his request for compassionate release, Plunkett's Motion for Reconsideration (Doc. 93) is **DENIED**.

**IT IS SO ORDERED.**

**DATED**:  August 13, 2024

                                              **s/ *Stephen P. McGlynn***
                                              STEPHEN P. McGLYNN
                                              U.S. District Judge